**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4685**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LEDARIUS DANTE MONTGOMERY,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:09-cr-00086-JAB-1)

Submitted: March 18, 2015         Decided: March 23, 2015

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ledarius Dante Montgomery appeals the district court's order revoking his supervised release and sentencing him to 22 months' imprisonment. Montgomery's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but briefly raising whether (1) Montgomery's sentence was unreasonable, (2) the court denied Montgomery an opportunity to be heard at sentencing, (3) Montgomery had ineffective assistance of counsel, and (4) prosecutorial misconduct occurred. Montgomery was advised of his right to file a pro se supplemental brief, but he has not filed one. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." Id. (internal quotation marks omitted). Because Montgomery did not challenge his sentence's procedural or substantive reasonableness before the district court, we review his sentence only for plain error. Webb, 738 F.3d at 640-41.

Applying these standards, we note that counsel pointed to no specific error in the sentence and conclude that Montgomery's sentence is not unreasonable, much less plainly so. Next, the

2

record demonstrates that Montgomery had an opportunity to address the district court and contains no evidence of prosecutorial misconduct. Finally, we decline to address Montgomery's ineffective assistance claim on direct appeal. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (providing standard).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Montgomery, in writing, of the right to petition the Supreme Court of the United States for further review. If Montgomery requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Montgomery.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED